#669903

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 JUN -5 PM 2:45

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ORIGINAL

| | | |
|---|---|---|
| NANCY HENGER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. ______________ |
| v. | § | |
| | § | JURY DEMAND (common law claims only) |
| USFI, INC., DOUGLAS RITTER, | § | |
| MARY KELLER, and | § | 3-13CV-2117P |
| MORGAN STANLEY & CO., | § | |
| INCORPORATED, | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Nancy Henger ("Henger" or "Plaintiff") files this Original Complaint against USFI, Inc. ("USFI" or "the Company"), Douglas Ritter ("Ritter"), Mary Keller ("Keller"), and Morgan Stanley & Co., Incorporated ("Morgan Stanley"), and would show the following:

### I. NATURE OF LAWSUIT

1. Henger is a former vice-president of USFI who dedicated more than twenty-five years of her working life to the Company. Instead of rewarding her years of service and providing her with the retirement nest egg it had promised, USFI instead used and depleted Henger's retirement funds, breached its fiduciary duties to Henger and other employees, lied to her about important matters concerning Company governance and finance, and summarily terminated her after she raised legitimate questions about USFI's actions.

2. USFI established and maintained two (2) employee welfare benefit plans (the "Plans"), a money purchase pension plan and a profit-sharing plan. It also endorsed and sponsored these Plans for the purpose of providing its employees retirement benefits. Morgan Stanley administered the Plans for the benefit of USFI's employees.

3. In March 2012, the founder and owner of USFI died. After his death, Henger discovered that over $1 million of her retirement benefits were gone and could not be accounted for by USFI or Morgan Stanley. Henger seeks to recover her benefits in full.

4. Additionally, Ritter and Keller, in their capacity as officers and board members of USFI, misled and defrauded Henger when they unilaterally granted themselves significant pay increases in November 2012 without board approval and at a time when USFI was mandating across-the-board pay cuts for other employees, including Henger.

5. Henger requested and was entitled to receive the full of her retirement funds. However, due to the theft and misuse of such funds, the money no longer existed in the Plans sponsored by USFI and administered by Morgan Stanley. Henger has exhausted her administrative remedies and brings this suit under Sections 502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA") or, in the alternative, fraud, conversion and negligent misrepresentation under Texas law against USFI and Morgan Stanley to recover monies due to her under the Plans. She also brings an action for breach of fraud and fraudulent inducement against Ritter and Keller.

## II. JURISDICTION AND VENUE

6. This is a civil enforcement action brought pursuant to ERISA § 502, 29 U.S.C. §1132. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) in that this action arises under ERISA, 29 U.S.C. §§ 1001 *et seq.;* and 29 U.S.C. § 1332(e) and (f). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper pursuant to ERISA, 29 U.S.C. § 1132(e)(2) because, at all times relevant to the facts which make the basis of this lawsuit, USFI was a resident of the Northern

District of Texas. Additionally, a significant portion of the acts and omissions giving rise to Henger's claims took place in USFI's headquarters in the Northern District of Texas where USFI does business and may be found within the Northern District of Texas.

## III. Parties

8. Henger is an individual who resides in Texas. She was formerly employed by USFI, and is also a four percent (4%) shareholder in USFI. Henger is a fully vested participant in the employer-sponsored profit sharing and pension plans established by her former employer, USFI.

9. Defendant USFI is a Texas corporation with its principal offices located at 12100 Ford Road, Suite 100, Farmers Branch, Texas, 75034. USFI established and, at all relevant times, sponsored and/or maintained employee benefit plans within the meaning of ERISA §3(3), 29 U.S.C. § 1002(3), including, but not limited to, the retirement plans at issue in this matter. Defendant USFI, at all relevant times, has been and continues to be the sponsor of employee benefit plans, including the retirement plans at issue in this matter, within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B), and the administrator of such plans, within the meaning of ERISA § 3 (16)(A), 29 U.S.C. §1002(16)(A). Defendant USFI, at all relevant times, has been and continues to be a named fiduciary of the retirement plans at issue in this matter within the meaning of ERISA §402(a)(1), 29 U.S.C. § 1102(a)(1). Additionally, Defendant USFI, at all relevant times, has been a fiduciary of the retirement plans within the meaning of ERISA §3(21)(A), 29 U.S.C. 1002(21)(A) in that it has exercised and continues to exercise discretionary authority or control respecting management or disposition of the assets of the Plans, and/or has had and continues to have discretionary authority or responsibility in the administration of the Plans. USFI may be served with process through its registered agent, Douglas Ritter, at 12100 Ford Road, Suite 100, Dallas, Texas, 75234.

10. Defendant Morgan Stanley is a Delaware corporation with its principal place of business in New York, New York. At all relevant times, Morgan Stanley administered the employee benefit plans at issue in this lawsuit within the meaning of ERISA § 3 (16)(A), 29 U.S.C. §1002(16)(A). Morgan Stanley is a fiduciary of the retirement plans within the meaning of ERISA §3(21)(A), 29 U.S.C. 1002(21)(A) as administrator of such plans. Morgan Stanley may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas, 75201.

11. Defendant Douglas Ritter is a resident of the State of Texas. He began working for USFI in September 2011. He is a member of the board of directors and serves as an officer of USFI. He may be served at his place of business, USFI, Inc., 12100 Ford Road, Suite 100, Dallas, Texas, 75234.

12. Defendant Mary Keller is a resident of the State of Texas. She began working for USFI as the Chief Financial Officer in approximately June 2012. She is a member of the board of directors and serves as an officer of USFI. She may be served at her place of business, USFI, Inc. 12100 Ford Road, Suite 100, Dallas, Texas, 75234.

## IV. FACTUAL BACKGROUND

13. Henger began working for USFI in 1987. At the time she began working for USFI, the Company was owned by its CEO and President Faisal Ahmad ("Ahmad"). On or about 1989, Ahmad informed Henger that she was a participant in the Company sponsored profit-sharing and pension plans. Henger became fully vested in these plans after five (5) years, in approximately 1994. During her tenure with USFI, Henger received annual statements from USFI regarding the amounts accrued and accumulated in each of her accounts. She also received copies of Form 5500 for each of the Plans that were allegedly filed with the Department of Labor.

14. As of September 30, 2011, Henger's account statements indicated that she had approximately $1.1 million in her two retirement accounts.

15. On March 2, 2012, Ahmad died. At some point prior to March 2, 2012, Henger's pension and profit-sharing funds were removed from her accounts without her knowledge, consent or approval.

16. Within sixty (60) days after Ahmad's death, Henger and other USFI employees discovered that Ahmad had withdrawn the employee pension and profit sharing funds from their retirement accounts to keep the Company afloat. He falsified the account statements to hide his theft of the employee retirement funds from plan participants.

17. In order to placate the employees who were angry over the theft and misuse of their retirement funds, USFI made partial distributions to plan participants using the proceeds of Ahmad's $5 million key man life insurance policy. On or about June 27, 2012, Henger received approximately $475,000 from this distribution. This distribution, however, fell far short of the more than $1.1 million that should have been in Henger's retirement accounts. Moreover, Henger now faces significant income tax liability because these partial distributions were taxed as ordinary income instead of qualified retirement funds that could be rolled over into an individual retirement account or other employer-sponsored retirement plans.

18. From approximately 1990 to 2012, Henger telephoned David Starkey, Senior Vice President of Morgan Stanley in Fort Lauderdale, FL with questions about the value of her Plans. Starkey held himself out as the administrator of the Plans. At no point did Starkey ever inform Henger that her funds were being used by the Company or had been depleted. Although she has made a claim for all benefits pursuant to the Plans, USFI and Morgan Stanley have failed and refused to release the funds she is entitled to receive.

19. Between June 2012 and November 2012, Henger and the rest of the USFI employees were told by Ritter and Keller to take pay cuts due to USFI's financial difficulties. Henger's base salary was reduced from $175,000.00 to $150,000.00. Henger agreed to the pay cut based, in part, on representations that "everyone" was required to take the pay cuts. However, during this same time, Ritter and Keller awarded themselves salary increases of $30,000.00 and $10,000.00, respectively, without board approval. Ritter and Keller did not disclose these salary increases to other employees, including Henger. Had Henger known that Ritter and Keller were using her pay cut to help fund their raises, she would not have agreed to the pay cut.

20. Henger brought Ritter and Keller's pay raises to the attention of USFI's board of directors ("Board"), including Sabiha Ahmad, Junaid Waheed, and David Porter, in January 2013. Although these board members were put on notice of the unauthorized action, they failed to correct and remedy the situation. Upon information and belief, David Porter was aware of the unauthorized and undisclosed raises at the time they occurred and failed to inform the Board.

21. Henger was terminated on March 28, 2013. After USFI fired her, it seized her company cell phone and used it to access her personal Yahoo e-mail account without her authorization. USFI had no legitimate business purpose in accessing Henger's personal Yahoo e-mail after she was fired, and did so in order to invade her privacy and electronically eavesdrop on her personal communications.

## V. Claims for Relief

### A. Pursuant to ERISA, 502(a)(1)(B) to Recover Benefits Due, Enforce Rights, and/or Clarify Rights to Future Benefits Under Employee Pension and Profit Sharing Plans (Against USFI and Morgan Stanley)

22. Henger realleges the factual allegations set forth above.

23. As reflected by its communications to Henger, from approximately 1989 through September 2011, USFI represented that it maintained the Plans for the benefit of Henger (and other plan participants). USFI provided annual statements that set forth annual contributions made to the Plans by USFI on behalf of Plaintiff.

24. Henger was a vested participant in and beneficiary of the Plans within the meaning of ERISA §§ 3(7) and 3(8), 29 U.S.C. §§ 1002(7) and 1002(8).

25. At all relevant times, USFI was the sponsor of the Plans and Morgan Stanley was the administrator of the Plans within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16), and they have been fiduciaries of the Plans within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) in that they have exercised and continue to exercise discretionary authority or discretionary control respecting management of the Plans and/or they have had discretionary authority or responsibility in the administration of the Plans.

26. Pursuant to ERISA §502(a)(1)(b), 29 U.S.C. § 1132(a)(1(B), Henger is entitled to recover all benefits due under the terms of the Plans, to enforce her rights under the terms of these Plans, and to clarify her rights to future benefits under the Plans.

**B. PURSUANT TO ERISA, 502(a)(3) for Breach of Fiduciary Duty (Against USFI and Morgan Stanley)**

27. Henger realleges the factual allegations set forth above.

28. During some or all of the relevant time periods, USFI and Morgan Stanley were the sponsor and administrator, respectively, of the Plans within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16), and they have been fiduciaries of the Plans within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) in that they have exercised and continue to exercise discretionary authority or discretionary control respecting management of the Plans, exercised

authority or control respecting management or disposition of the assets of one or both of the Plans, and/or have had discretionary authority or responsibility in the administration of the Plans.

29. Henger was a vested participant in and beneficiary of the Plans within the meaning of ERISA §§ 3(7) and 3(8), 29 U.S.C. §§ 1002(7) and 1002(8). ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) permits a participant or beneficiary to bring suit to enjoin any act or practice that violates any provision of ERISA or the terms of a Plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provision of ERISA.

30. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) requires that fiduciaries discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and, *inter alia,* (1) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration, and (2) with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims.

31. By allowing assets of the Plans to be used and dissipated, and by making misrepresentations to Henger regarding the benefits to which she was entitled under the Plans, USFI and Morgan Stanley breached their fiduciary duties to Henger. As a direct and proximate result of USFI and Morgan Stanley's breaches of their fiduciary duties, Henger has been harmed.

32. Henger has no adequate remedy under any other provision of ERISA §502(a) in that this claim for relief is pled in the alternative to Henger's first claim for relief. Henger is entitled to equitable relief, including an order that USFI and Morgan Stanley administer the Plans in accordance with their promises to Henger and/or to reform the Plans in accordance with those promises.

33. Henger is also entitled to equitable relief including the entry of an order requiring an accounting by USFI and Morgan Stanley for assets of the Plans, to restore the promised plan contributions, disgorgement of any profits attained through improper use of Plan assets, and/or other relief required to make Henger whole for losses caused by the fiduciary breaches set forth above.

**C. Fraud/Fraudulent Inducement (Against USFI and Morgan Stanley)**

34. Henger realleges the facts described above as though fully set forth herein. Henger pleads this cause of action in the alternative in the event USFI and Morgan Stanley deny that the Plans are ERISA benefit plans.

35. USFI and Morgan Stanley represented to Henger that she had and would be paid her retirement and profit-sharing benefits in full. This representation was both material and false.

36. When USFI and Morgan Stanley made these representations to Henger, they knew either the representations were false or made the representations recklessly, as a positive assertion, and without knowledge of its truth. USFI and Morgan Stanley later made false promises of future performance (i.e., restoration of Henger's retirement funds) that they had no intention of performing. USFI's and Morgan Stanley's promises were sufficiently certain and of the type that Henger could reasonably and justifiably rely on.

37. Henger relied on USFI's and Morgan Stanley's false and misleading representations in making her decision to continue her employment and not question the authenticity or accuracy of the annual statements provided to her concerning the amounts in the Plans.

38. Henger continued her employment and continued to believe that her funds had been properly maintained by the Company and its investment advisors based on USFI's and Morgan Stanley's representations.

39. This misrepresentation caused Henger injury; thus, Henger is entitled to actual damages and exemplary damages.

**D. Negligent Misrepresentation (Against USFI and Morgan Stanley)**

40. Henger realleges the facts described above as though fully set forth herein. Henger pleads this cause of action in the alternative in the event USFI and Morgan Stanley deny that the Plans are ERISA benefit plans.

41. USFI and Morgan Stanley made representations to Henger in the course of their business and in transactions in which they had an interest (i.e., acting in their capacities as sponsor and administrator of the Plans).

42. USFI and Morgan Stanley supplied false information for the guidance of Henger, falsely promising that Henger would receive all of her approximately $1.1 million held in the Plans. USFI and Morgan Stanley did not exercise reasonable care or competence in communicating information to Henger.

43. Henger justifiably relied on USFI's and Morgan Stanley's representations in making the decision to continue her employment with USFI and not question the authenticity or accuracy of the annual statements provided to her concerning the amounts in the Plans.

44. Henger continued her employment and continued to believe that her funds had been properly maintained by the Company and its investment advisors based on USFI's and Morgan Stanley's representations.

45. This misrepresentation caused Henger injury; thus, Henger is entitled to actual damages and exemplary damages.

**E. Conversion (Against USFI and Morgan Stanley)**

46. Henger realleges the facts described above as though fully set forth herein. Henger pleads this cause of action in the alternative in the event USFI and Morgan Stanley deny that the Plans are ERISA benefit plans.

47. USFI and Morgan Stanley have unlawfully and without authority assumed dominion and control over Henger's retirement and profit-sharing funds. Such actions are wanton and malicious in nature and far exceed mere bad faith and wrongful conduct.

48. Each of USFI's and Morgan Stanley's acts or omissions, singularly or in combination with others, constitutes conversion. As a result, Henger seeks recovery of her actual damages. Further, Defendant USFI's acts were done with malice entitling Henger to exemplary damages.

**F. Fraud/Fraudulent Inducement (Against Ritter and Keller)**

49. Henger realleges the facts described above as though fully set forth herein.

50. Ritter (as CEO) and Keller (as CFO) made false representations to Henger in 2012 when they induced her to accept a pay cut from $175,000.00 per year to $150,000.00. Beginning in June 2012 and continuing through the effective date of the pay cut (November 1, 2012), Ritter and Keller repeatedly represented to Henger that all USFI employees had to take the pay cut in order to keep the Company afloat.

51. Because USFI owed Henger substantial sums of money as a result of the theft from the Plans and failure to fully reimburse her for the stolen funds, Henger asked that she not be forced to take the pay cut. She instead requested that her portion of the required employee

cuts be deducted on the "back end" when USFI refunded her the amounts stolen from her retirement accounts.

52. Ritter and Keller refused Henger's request, repeatedly stating that "all" USFI employees—including themselves—were required to take pay cuts. They repeatedly asked Henger: "How can you not take a pay cut when everyone else is?" Ultimately, when faced with their representation that "everyone else" was taking a pay cut, Henger agreed.

53. Ritter and Keller's representations regarding the Company-wide pay cuts were false. When Ritter and Keller made the representations, they knew the representations were false. Indeed, while Ritter and Keller were lying to Henger about "everyone else" taking pay cuts, they were giving themselves pay raises.

54. Ritter and Keller made false representations to Henger with the intent that she rely on them. Henger, in fact, relied on the representations in accepting the pay cut. The representations caused Henger injury when she agreed to a $25,000 per year pay cut (while at the same time Ritter and Keller raised their own salaries by $30,000.00 and $10,000.00, respectively).

55. As a result, Henger seeks recovery of her actual damages. Further, Ritter and Keller's representations were made with malice entitling Henger to exemplary damages.

## VI. JURY DEMAND

67. Henger demands a trial by jury on all contested issues of fact regarding her claims for fraud/fraudulent inducement, negligent misrepresentation and conversion.

## VII. PRAYER

WHEREFORE, Henger requests she recover judgment from Defendants for the following:

a. Recovery of benefits and equitable relief pursuant to § 502(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(1) & (3);

b. Actual and exemplary damages for her claims for fraud/fraudulent inducement, negligent misrepresentation and conversion.

c. Pre-judgment and post-judgment interest as provided by law;

d. Attorneys' fees, expenses and costs; and

e. Such further relief to which Plaintiff may be justly entitled.

DATED this 5th day of June, 2013.

Respectfully submitted,

**KEITH A. CLOUSE**
State Bar No. 04410300
**ALYSON C. BROWN**
State Bar No. 04873500
**EMILY M. STOUT**
State Bar No. 24013581

**CLOUSE DUNN LLP**
1201 Elm Street, Suite 5200
Dallas, Texas 75270-2142
Telephone: (214) 220-3888
Facsimile: (214) 330-3833

**ATTORNEYS FOR PLAINTIFF NANCY HENGER**

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

RECEIVED JUN [illegible] CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

ORIGINAL

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Nancy Henger

**(b)** County of Residence of First Listed Plaintiff Dallas County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Keith A. Clouse & Alyson C. Brown, Clouse Dunn LLP,
1201 Elm Street, Suite 5200, Dallas, TX 75270-2142

**DEFENDANTS**
USFI, Inc., Douglas Ritter, Mary Keller, and
Morgan Stanley & Co., Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

3-13CV-2117P

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

**Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
ERISA
Brief description of cause:
Suit for retirement funds

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** *(See instructions):* JUDGE DOCKET NUMBER

DATE 6/5/13 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE